**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

LORETA KHACHIKIAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-70997

Agency No. A096-151-781

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2020**
Pasadena, California

Before:  EBEL,*** WARDLAW, and OWENS, Circuit Judges.

Loreta Khachikian petitions for review of the Board of Immigration

Appeals' (BIA) order dismissing her appeal from the Immigration Judge's (IJ)

denial of her application for asylum, withholding of removal and protection under

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable David M. Ebel, United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We grant in part and deny in part the petition for review.

1. Because Khachikian's testimony is marred by inconsistencies about issues that go to the "heart of [her] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. I.N.S.*, 352 F.3d 1250, 1259 (9th Cir. 2003).

Khachikian failed to establish her Iranian nationality. Although she concedes that she offered the Immigration Court a fraudulent birth certificate, she contends she did not know it was fraudulent when she introduced it into evidence. In *Yeimane-Berhe v. Ashcroft*, we found that because there was "no evidence that [the petitioner] knew or should have known that the medical certificate was counterfeit" and because the petitioner's story about how she obtained the forged medical certificate "was detailed, internally consistent" and corroborated by other evidence, it was improper for the IJ there to base an adverse credibility finding on the fraudulent medical document alone. 393 F.3d 907, 912–13 (9th Cir. 2014). By contrast, here, Khachikian offered two different names for the person who gave her the forged birth certificate, and offered contradictory statements as to whether she first received the certificate in Mexico before entering the United States, or in San Diego after she had crossed over the border. Thus, unlike in *Yeimane-Berhe*, there was good reason for the IJ to doubt Khachikian's story regarding how she obtained

2

the fraudulent birth certificate. Furthermore, although Khachikian initially testified that she was not allowed any visitors during her 16 days in Evin Prison, she later testified that her attorney and husband visited her in detention. She also suggested she may have only been detained for 11–13 days.

2. Beyond her testimony, Khachikian offers no reliable documentary evidence to support her claims for asylum and withholding of removal. For example, to prove that she was charged with trying to convert her coworker to Christianity, Khachikian offered the court an English-language translation of her Iranian court summons. However, Khachikian first claimed that this document had been translated before she left for the United States, and then later claimed that it was translated only after she arrived. Furthermore, even though she explained her lack of documentary corroboration by stating that her husband was afraid of collecting documents in support of her asylum application from Iranian officials, she also testified, somewhat implausibly, that her husband had arranged to have this summons translated at an official notary in Iran. Given these inconsistencies, the authenticity of her purported summons is in doubt. Accordingly, because Khachikian failed to offer credible testimonial or documentary evidence to support her claims of past persecution, the BIA's denial of her claim for asylum and withholding of removal is supported by substantial evidence. *See Pedro–Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard

of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

3. The BIA committed three errors in its analysis of Khachikian's CAT claim.

First, the BIA required Khachikian to establish her Iranian nationality to prevail on her CAT claim. This was error because a petitioner seeking CAT relief is not required to establish her own nationality. The applicable regulations require her to show only that "it is more likely than not that [she] would be tortured in the *proposed country of removal*." 8 C.F.R. § 1208.16(c)(3) (emphasis added). Thus, Khachikian's nationality was not at issue as to her CAT claim.

Second, the BIA failed to properly follow our instructions in *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1284 (9th Cir. 2001), which prohibits importing a negative credibility finding from the asylum context into the CAT context "when the prior adverse credibility determination is not necessarily significant in this situation." In affirming the IJ's adverse credibility finding, the BIA did not discuss any issues relating to her Christianity. Given that the core of Khachikian's CAT claim is that she would be tortured in Iran because she is Christian, this prior adverse credibility finding was "not necessarily significant" to her CAT claim. *Kamalthas*, 251 F.3d at 1284. The BIA should not have relied upon it in denying her CAT relief.

Finally, the BIA declined to consider whether Khachikian's testimony and her baptismal certificate established that she was a Christian, and also failed to

4

discuss the specific reports in the record showing that Christians are targeted for torture in Iran. This is contrary to the BIA's own regulations requiring that "*all* evidence relevant to the possibility of future torture *shall* be considered" when adjudicating a CAT claim. 8 C.F.R. 1208.16(c)(3) (emphasis added).

We therefore remand for further consideration of Khachikian's CAT claim with reference to the country of removal designated on remand. *See Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018).[1]

4. Khachikian waived any due process claim she might have had because she failed to "specifically and distinctly raise[]" any such arguments in her brief. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**GRANTED IN PART; DENIED IN PART; REMANDED**.[2]

---

[1] Although the record is ambiguous, the IJ's order, the BIA's order, and the parties' briefing before this court all analyze Khachikian's CAT claim as though Iran is the designated country of removal. We therefore assume that the designated country of removal at this stage is Iran. If, on remand, the government designates a different country of removal, the analysis of Khachikian's CAT claim should change accordingly.

[2] The parties shall bear their own costs on appeal.